**In re Thomas Duane LAUWAGIE, Debtor.**

**Bankruptcy No. 11–37707.**

United States Bankruptcy Court, D. Minnesota.

May 15, 2012.

Stephen Behm, Eskens, Gibson and Behm, Mankato, MN, for Debtor.

## ORDER SUSTAINING OBJECTION TO EXEMPTION

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard on March 30, 2012, on the trustee's objection to the debtor's claim of exemption in the proceeds of an insurance payment. Rebecca L. Peterson appeared on behalf of the trustee, and Stephen J. Behm appeared on behalf of the debtor. The Court, having heard arguments, reviewed briefs and being fully advised, now makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I

Prior to his bankruptcy filing, the debtor's home was damaged by hail. The roof was repaired and an insurance check in the amount of $6,167.48, was received by the debtor's mortgagee made payable to the debtor and the mortgagee. The check remained in the possession of the mortgagee at filing. The debtor claimed the insurance proceeds exempt under 11 U.S.C. § 522(d)(1), arguing that the proceeds are part of the aggregate value of his interest

in the residence subject to exemption. The trustee objected to the exemption. The Court sustains the objection to the exemption, concluding that insurance proceeds received prior to the bankruptcy filing for damage to the debtor's residence, later the subject of an exemption under 11 U.S.C. § 522(d)(1), are not part of the aggregate value of the residence, and cannot be claimed exempt under that section.

### II

Section 522(d)(1) provides:

(d) The following property may be exempted under subsection (b)(2) of this section:

(1) The debtor's aggregate interest, not to exceed $15,000 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

*See* 11 U.S.C. § 522(d)(1).

Insurance proceeds for pre-petition damage to a residence are not real or personal property that the debtor uses as a residence. Consequently, the proceeds are not calculable as part of the aggregate interest of the debtor in the residential property that is the subject of the exemption.[1]

### III

Accordingly, it is hereby **ORDERED** that the trustee's objection to the debtor's claimed exemption in insurance proceeds, in the amount of $6,167.48, paid for pre-petition damage to his residence is SUS-

---

**1.** This order does not determine the interest, if any, of the mortgagee in the proceeds.

TAINED, and the exemption is DISAL-
LOWED.